NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHLEEN FEELEY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | Civil Action No.: 20-01311<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

Before the Court is an appeal filed by Plaintiff Kathleen Feeley ("Plaintiff") seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") regarding Defendant's denial of Plaintiff's application for disability benefits under Title II and XVI of the Social Security Act ("SSA") for the period between September 1, 2013, and February 16, 2015. ECF No. 12. Defendant opposed Plaintiff's pending appeal. ECF No. 13. For the reasons set forth below, the decision of Administrative Law Judge ("ALJ") is affirmed.

**II.   BACKGROUND**

　**A.   Procedural Background**

Plaintiff filed for disability insurance on December 23, 2013, alleging disability as of September 1, 2013. ECF No. 12 at 1. That application was denied both initially and on reconsideration. *Id.* Thereafter, Plaintiff requested a *de novo* review and hearing before an ALJ, and a hearing was held on March 8, 2016. *Id.* On April 15, 2016, the ALJ issued a decision denying Plaintiff benefits during the period between September 1, 2013, and February 15, 2015

(the "Relevant Period"), "on the grounds that plaintiff could perform other work in the national economy." Tr. at 25[1]; ECF No. 12 at 1–2. The ALJ, however, awarded Plaintiff benefits from February 16, 2015 onward, as, after that date, Plaintiff was found to have "the following severe impairments: osteoarthritis of the knees bilaterally; lumbosacral disc disease; residual effects of a stroke; obesity; adjustment disorder; [and] depression." *Id.* The ALJ's decision became the Commissioner's final decision when an Appeals Council denied Plaintiff's request for review. ECF No. 13 at 1.

On September 8, 2017, Plaintiff then appealed the decision in this Court. *Feeley v. Berryhill*, Case No. 17-06881 (D.N.J.). On March 20, 2018, United States Magistrate Judge Paul A. Zoss issued an Opinion and Order remanding the case for further administrative proceedings. Tr. 710. On May 9, 2019, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ. ECF No. 12 at 7.

On September 19, 2019, a second hearing was held by the ALJ. The ALJ issued a written decision on October 11, 2019, which once again denied Plaintiff's disability claim regarding the Relevant Period. In that decision, the ALJ found that while Plaintiff was unable to perform past work, Plaintiff was nevertheless "capable of making a successful adjustment to other work that existed in significant numbers in the national economy," including Order Clerk, Document Preparer, and Final Assembler, amounting to tens of thousands of jobs as identified by the vocational expert (the "VE"). Tr. 650–51. On February 7, 2020, Plaintiff filed the instant action appealing this decision.

### B.    Factual Background

Plaintiff filed for disability alleging fibromyalgia, osteoporosis, rheumatoid arthritis, spinal

---

[1] "Tr." refers to the administrative record filed by the Commissioner. ECF No. 5.

2

arthritis, depression, anxiety disorder, and daily pain. Tr. 84. Plaintiff is a high school graduate and completed specialized job training as a hairstylist (Tr. 231). Plaintiff's past employment includes work as a cashier and teacher's aid (Tr. 92–93), *i.e.*, medium exertion and semi-skilled jobs. Tr. 668. Plaintiff stopped working in September 2013 following a physical altercation with a student. Plaintiff testified that she was no longer able to walk properly after that incident. Tr. 662. Plaintiff's physical and mental condition deteriorated thereafter.

On October 11, 2019, the ALJ found that, during the Relevant Period, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)" (Tr. 644), and that, based on the VE's testimony, "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." Tr. 650.

### III. LEGAL STANDARD

#### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citations omitted). If the factual record is adequately developed,

substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *See Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

  **B.**  **Determining Disability**

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show that she is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work, but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

  **C.**  **Sequential Evaluation Process**

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the SSA. 20 C.F.R. §§ 404.1520, 416.920.

First, the ALJ must determine whether the plaintiff is currently engaged in substantial gainful activity. *See Sykes*, 228 F.3d at 262. Second, if she is not, the ALJ determines whether the plaintiff has an impairment that limits her ability to work. *See id.* Third, if she has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. *See id.* at 262–63. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains despite her impairment(s). *See id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform her past relevant work. *See id.* Fifth, if the plaintiff's RFC is not enough to perform her past relevant work, the ALJ must determine whether there is other work in the national economy that the plaintiff can perform. *See id.*

The evaluation continues through each step unless it is determined at any point that the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps 1, 2, and 4, and the burden shifts to the Commissioner at step 5. *See Sykes*, 228 F.3d at 263. Neither party bears the burden at step 3. *See id.* at 263 n.2.

## IV.  DISCUSSION

### A.  Summary of the ALJ's Findings

At step 1, the ALJ found that Plaintiff met the insured status requirements of the SSA through March 31, 2018, and had not engaged in substantial gainful work activity since the onset date of the alleged disability. Tr. 25.

At step 2, the ALJ determined that Plaintiff has suffered, since the alleged onset date of disability of September 1, 2013, from the following severe impairments throughout the Relevant Period: "osteoarthritis of the knees bilaterally; lumbosacral disc disease; adjustment disorder; [and]

5

depression." Tr. 25.

At step 3, the ALJ decided that the "severe" conditions listed above were not sufficient, either individually or in combination, to meet any of the impairments included in the Listings. *Id*.

Based on the medical evidence in the record, the ALJ next found that, during the Relevant Period, Plaintiff had the RFC to "perform sedentary work as defined in 20 CFR 404.1567(a)" with various exceptions included. In addition, the ALJ found that Plaintiff "has non-exertional limitations, where the [Plaintiff] is limited to simple, routine, and repetitive tasks that can be explained, within an SVP 1 or SVP 2, which involve making simple decisions and only occasinal changes in routine." *Id*. "SVP" stands for Specific Vocational Preparation, and refers to the time it will take for an employee to reach average performance. To reach this conclusion, the ALJ considered Plaintiff's symptoms and the extent to which they could be "reasonably accepted as consistent with the objective medical evidence, and other evidence" presented during the proceeding (inclusive of opinion evidence, in compliance with the requirements of 20 CFR 404.1529 and SSRs 96-2p, 96-5p, 96-6p and 06-3p). *Id*.

At steps 4 and 5, the ALJ found that, after the Relevant Period, Plaintiff's allegations regarding disability symptoms and limitations were consistent with the evidence presented. Tr. 31. The ALJ also found that, during the Relevant Period, Plaintiff had the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations:

> "claimant is limited to lift and/or carry up to 10 pounds frequently; stand and/or walk with normal breaks for a total of about 2 hours in an 8-hour workday; sit with normal breaks for a total of about 6 hours in an 8-hour workday; can climb ramps and stairs occasionally; can never climb ladders, ropes, and scaffolds; can crouch and squat occasionally but never balance, kneel or crawl; never operate foot controls or pedals with the bilateral lower extremities; and is never exposed to workplace hazards such as machinery, motor vehicles, unprotected heights, or vibrations as well as extreme temperatures. The claimant's work should also consider ambulation with a cane, allow for a sit and stand option every hour for five minutes, and perform fine fingering occasionally with the left and only frequently with the right. Additionally, the claimant has non-exertional limitations, where the claimant

>is limited to simple, routine, and repetitive tasks that can be explained, within an SVP 1 or SVP 2, which involve making simple decisions and only occasional changes in routine."

Tr. 30–31.

### B. Analysis

Plaintiff contends that the ALJ failed to convey each of Plaintiff's credibly established limitations to the VE, and, as a result, the ALJ erred at step 5 by relying on the VE's testimony. ECF No. 12 at 13–26. Plaintiff also argues that the VE's testimony was unreliable as he failed to cite to relevant evidence concerning Plaintiff's ability to work during the Relevant Period. *Id*. Plaintiff separately avers that the ALJ erred in formulating Plaintiff's RFC as the ALJ's findings regarding Plaintiff's "mental" impairments were not supported by substantial evidence. *Id*. at 11, 27–35. For the reasons described below, the Court is unpersuaded by Plaintiff's arguments and affirms the ALJ's decision.

The Court is unpersuaded by Plaintiff's arguments. In regard to step 5, Plaintiff takes aim at hypothetical questions, and commensurate responses, posed to and answered by the VE. ECF No. 12 at 13. Plaintiff cites to *Rutherford v. Barnhart*, 399 F.3d 546 (3d Cir. 2005) and *Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984) for the proposition that "all credibly established limitations must be included in the hypothetical question in order for the expert's response to qualify as substantial evidence supporting an ALJ's determination of non-disability. At step five, this is particularly essential since the burden of proof rests squarely with the Commissioner." *Id*. at 14.

Plaintiff first asserts that, because the Dictionary of Occupational Titles ("D.O.T") does not address a worker using a cane while performing a sedentary job, the ALJ could not rely on the VE's testimony, which was instead based "at the ALJ's suggestion, on her training, education, experience and knowledge of the positions." *Id*. at 15. In reality, however, where the D.O.T. is

7

silent, there is no conflict:

> "[w]here the DOT is silent on an issue . . . a conflict does not exist. *See Weckherlin v. Berryhill*, Civ. No. 16-1487, 2017 WL 3873167, at * 4 (E.D. Mo. Sept. 5, 2017) (stating, "the Court is persuaded by the reasoning of several district and circuit court cases holding that the DOT's silence as to a functional limitation does not create a conflict between the DOT and the VE's testimony, and therefore does not require inquiry by the ALJ."); *Sanborn v. Comm'r. of Soc. Sec.*, 2015 WL 3452872, at * 6, 613 Fed. Appx. 171 (3d Cir. June 1, 2015) (finding that the DOT's silence with regard to a sit / stand option does not place it in conflict with jobs identified by the VE); *Phillips v. Berryhill*, 2017 WL 2224931, at * 7 (E.D. Pa. May 22, 2017) (stating that "[t]he Third Circuit Court of Appeals has recognized that the DOT's silence with regard to the sit / stand option does not place it in conflict with jobs identified by a VE."); *Horn v. Colvin*, 2013 WL 1386836, at * 4 (W.D. Pa. Apr. 4, 2013); and *Conn v. Astrue*, 852 F. Supp. 2d 517, 528 (D. Del. 2012) (stating that "the VE's testimony and the DOT are not in conflict; the DOT simply does not address sit / stand options.").

*Kowal v. Saul*, No. 18-1350, 2020 WL 490962, at *3 (W.D. Pa. Jan. 30, 2020).

Moreover, relying on a vocational expert's professional experience is, as Defendant states, what is "recommended to ALJs in cases where an individual is limited to sedentary work and uses a cane." ECF No. 13 at 10. To support this proposition, Defendant cites to SSR 96-9 (S.S.A), 1996 WL 374185 (July 2, 1996) at *7, which states, regarding alternate sitting and standing and medically required hand-held assistive devices,

> "The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work . . . . For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded."

In relying on the VE's "training, education, experience and knowledge of the positions," the ALJ followed established protocol. ECF No. 12 at 15, citing to R. 669. In support, Defendant cites to *Trzeciak v. Colvin*, No. 15-6333, 2016 WL 4769731, at *12 (D.N.J. Sept. 12, 2016), which states: ". . . it was proper for the ALJ to rely upon the VE's experience in determining that a bench work occupation such as inspector, missing parts, allows for alternating positions for sitting and

standing. *See* SSR 83-12 ('In cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base')".

Plaintiff additionally contends that the ALJ improperly conveyed to the VE that Plaintiff needed a cane to walk, but not to balance herself while standing in place, during the Relevant Period. ECF No. 12 at 17–18. Plaintiff's averment is without merit. In adopting in part and rejecting in part the opinion of Dr. Farber, the medical expert, the ALJ found that "there is no evidence in the record, either by [Plaintiff's] own accounts or physical examinations, that [Plaintiff] was unable to perform all postural activity in its entirety," which would have included balancing or kneeling. Tr. at 648–649. In support, the ALJ noted that Plaintiff "show[ed] full muscle strength, normal range of motion in all other extremities, and intact neurological functioning with only minimal treatment . . . [and that] the claimant reported that she was able to cook, clean, and shop as of the relevant period." *Id.* Moreover, the record indicates that Plaintiff began to have balance issues only after the Relevant Period due to a stroke that Plaintiff suffered in February 2015. *Id*. at 32. Thus, the ALJ's findings on Plaintiff's ability to balance in the hypothetical to the VE and the VE's testimony in this regard were proper. *See Williams v. Comm'r of Soc. Sec. Admin.*, 494 F. App'x 766, 768 (9th Cir. 2012) (ALJ did not erroneously reject medical expert's testimony or impermissibly substitute her own judgment for that of expert where the ALJ reviewed the entire record, identified contradictory evidence, and determined whether the claimant met the statutory definition of disability).

Plaintiff also argues that the ALJ's conveyance to the VE incorrectly stated that Plaintiff could stand and walk for 2 hours in an 8-hour workday. Specifically, Plaintiff contends that her severely arthritic knees, disc disease in the lumbar spine, and obesity prevented her from performing as such. ECF No. 12 at 21. While Dr. Farber, the medical expert, opined that Plaintiff

was limited to sedentary work as of 2009 due to the pain in her knees, her obesity, and the degenerative changes in her lumbar spine, he also found that Plaintiff was able to stand or walk for 2 hours in an 8-hour workday. Tr. at 648. Accordingly, given this evidence and Plaintiff's failure to persuasively cite to a medical opinion supporting her argument to the contrary, the ALJ's finding and conveyance to the VE was supported by substantial evidence.

Turning to the ALJ's residual mental functional capacity assessment and whether it was supported by substantial evidence, Plaintiff's contentions are unavailing. The Court finds that the ALJ's decision – which found that Plaintiff could perform SVP 1 or 2 roles, roles involving making simple decisions, and occasional changes in routine (Tr. 646) – is supported by substantial evidence. The ALJ's decision applies a proper approach to the five-step sequential evaluation process, a detailed review of medical evidence in the record regarding Plaintiff's severe impairments, and thoroughly considered expert testimony regarding Plaintiff's RFC. Tr. 643–50. The ALJ's opinion contains lengthy recitations and analyses of Plaintiff's conditions, treatment and limitations (Tr. 644–48), medical records (Tr. 647–49), and relevant personal characteristics such as age, education, and prior employment (Tr. 650). Given the ALJ's thorough analysis, Plaintiff's contention that the ALJ did not consider these factors, and/or did not incorporate them into the ALJ's mental RFC determination is without merit. Defendant cites to a number of cases in the Third Circuit to further support this conclusion: "'[T]his Circuit has regularly found that a R.F.C. limiting claimant to simple, unskilled work is adequate to account for moderate limitations in concentration, persistence, and pace.'" *Richardson v. Comm'r of Soc. Sec.*, No. 16-8279, 2017 WL 6550482, at *9 (D.N.J. December 22, 2017) (citing *Parks v. Comm'r of Soc. Sec.*, 401 F. App'x 651, 655–56 (3d. Cir. 2010) (RFC limiting claimant to performing simple, unskilled work adequate to account for moderate limitations in concentration, persistence, and pace)); *McDonald*

*v. Astrue*, 293 F. App'x 941, 946–47 (3d Cir. 2008) (RFC limiting claimant to "simple, routine tasks" adequate to accommodate moderate limitations in concentration, persistence, and pace); *Menkes v. Astrue*, 262 F. App'x 410, 412–13 (3d Cir. 2008) (no error in RFC restricting claimant to "simple routine tasks" to account for moderate limitations in concentration, persistence, and pace))." ECF No. 13 at 13.

The Court also notes that the ALJ's current decision and mental RFC findings squarely addresses the impact of the applicable medical expert opinions (Tr. at 649) and their relation to the relevant medical evidence in the record. This supports the Court's finding that the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence. For instance, the ALJ noted that during Dr. Candela's examination of Plaintiff, Plaintiff "made good eye contact, spoke in full sentences, and had clear, connected, and goal oriented thoughts . . . [and that] she demonstrated good insight, judgment, and reasoning." Tr. at 647. As for the state agency's psychological medical consultants' assessments of Plaintiff, the ALJ opined that their opinions were consistent with Dr. Candela's in that they found "overall mild restrictions to activities of daily living and social functioning [and only] moderate limitations to concentration, persistence, and pace." *Id.* at 649.

As such, Plaintiff's moving papers seeking a remand or reversal on the basis of the mental RFC determination do not contain adequate grounds for this Court to overturn the ALJ's decision. *See Cruz*, 244 F. App'x at 479 ("The ALJ's decision may not be set aside merely because we would have reached a different decision."). Moreover, "[r]emand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d. 112, 119–20 (3d Cir. 2000); *Podedworny*, 745 F.2d 210, 221–22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the

11

product of a complete review which 'explicitly weigh[s] all relevant, probative and available evidence' in the record." Tr. 686, citing to *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted). Plaintiff has failed to provide new or material evidence that would necessitate a remand, particularly in the face of a decision that encompasses a complete review of all relevant evidence and does not lack adequate reasoning or contradictory findings.

## V. CONCLUSION

For the reasons stated above, the ALJ's decision is hereby affirmed. An appropriate Order accompanies this Opinion.

**DATE:** September 29, 2021

                                                                                                    **CLAIRE C. CECCHI, U.S.D.J.**